UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT LEADUM<br><br>*Plaintiff*<br><br>v.<br><br>LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 675<br><br>*Defendant* | Civil Action No. 3:01-CV-01779 (TPS)<br><br>November 13, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Submitted by:

John T. Fussell, Esq.
John M. Brown, Esq.
ROBERT M. CHEVERIE & ASSOCIATES, P.C.
Commerce Center One
333 East River Drive
Suite 101
East Hartford, CT 06108

Attorneys for Defendant
Laborers' International Union
of North America, Local 675

FILED
US DISTRICT COURT
HARTFORD CT

**ORAL ARGUMENT NOT REQUESTED**

**I. STATEMENT OF FACTS ..... 3**

**II. ARGUMENT ..... 6**

A. SUMMARY JUDGMENT STANDARD ..... 6

B. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING OF IMPERMISSIBLE DISCRIMINATION BY THE UNION AS REQUIRED UNDER *MCDONNELL DOUGLAS.* ..... 7

C. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE PLAINTIFF HAS FAILED TO ESTABLISH THAT THE DEFENDANT'S EXPLANATIONS WERE 'MERE PRETEXT' FOR UNLAWFUL DISCRIMINATION. ..... 12

D. THE PLAINTIFF'S CASE MUST BE DISMISSED BECAUSE THE PLAINTIFF HAS FAILED TO STATE AN ACTION UPON WHICH RELIEF MAY BE GRANTED. ..... 13

E. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE DEFENDANT DID NOT UNLAWFULLY DISCRIMINATE AGAINST THE PLAINTIFF. ..... 14

**III. CONCLUSION ..... 16**

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## I. STATEMENT OF FACTS

On July 14, 1999 at the age of 68, Plaintiff Robert Leadum joined Defendant Laborers' Local 675. Approximately two years later, Mr. Leadum brought this age discrimination lawsuit against the small Local Union based on his assertions that he was denied a referral to a 90 lb. jackhammer/pavement breaking job on an I-84 project and was denied the opportunity to attend an introductory pre-apprenticeship laborer training class.

At the time the 260-member Defendant Local Union accepted Mr. Leadum's membership application, Mr. Leadum represented that he possessed 15 years experience in laborer's trade. His subsequent work history during the approximately 18 months he remained a member of Defendant Local Union raised doubts regarding his asserted skills and experience. Mr. Leadum's employment history with each of the signatory contractors to which Defendant Local Union referred him was brief and problematic (Exhibit 2, Beckenbach Affidavit, ¶¶ 17-21).

Mr. Leadum was initially referred to a position at the Waterbury Masonry Foundation in July 1999. He retained that job for less than a month (Exhibit 2, Beckenbach Affidavit, ¶ 13).

Defendant Local Union referred Mr. Leadum a second time to a job with Kiewit Construction Company in August 1999. On this referral, in deference to Mr. Leadum's stated experience, the Union waived the normal requirement of two years experience in the Union to allow Mr. Leadum the benefit to serve as a construction foreman (Exhibit 10, Beckenbach Deposition, pp. 44-50). Mr. Leadum retained that job until mid-November 1999 (Exhibit 2, Beckenbach Affidavit, ¶ 14). During Mr. Leadum's brief period of employment with Kiewit, he damaged one of Kiewit's trucks, loaded hay into the back seat of a truck, argued with a female member of his crew that he did not want her in the cab of his truck for fear of being brought up on sexual harassment charges, and reacted as though he were having a breakdown after

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

subordinates, due to safety concerns, disregarded his orders (Exhibit 2, Beckenbach Affidavit, ¶ 17). When told that his crew was to construct a "silt fence" he asked, "What's a silt fence?" (Exhibit 10, Beckenbach Deposition, p. 47). After a mere two and one-half months on the job, Mr. Leadum requested a layoff from Kiewit Construction (Exhibit 3, Kiewit Letter). Had Mr. Leadum remained with Kiewit Construction instead of requesting a dismissal, in addition to the premium rate of $2.00 more per hour he earned as a foreman (Exhibit 10, Beckenbach Deposition, p. 46), he would have remained employed full time through the summer of 2000 (Exhibit 3, Kiewit Letter).

The third job to which the Defendant Local Union referred Mr. Leadum was the BBL-Carlton, LLC job in December 1999. Mr. Leadum lasted on that job only until early February 2000 when he requested that he be terminated from the job because the jobsite was too cold for his comfort (Exhibit 2, Beckenbach Affidavit, ¶ 18).

Between the time the Union made its third and fourth job referrals for him, Mr. Leadum frequented the union hall where he socialized with Local Union Business Manager Richard Beckenbach, a contemporary of Mr. Leadum's. He was present on one such occasion when Mr. Beckenbach filled a referral request for four laborers capable of performing 90 lb. jackhammer/pavement breaking work on an I-84 project. After the laborers were contacted and the referral complete, Mr. Leadum asked Mr. Beckenbach why he was not referred to the 90 lb. pavement breaking job. Mr. Beckenbach, after expressing surprise that Mr. Leadum would even want such a job, explained that, consistent with the operation of the referral board, Mr. Leadum was not next in line to receive the referral. The Union's referral procedures were administered by Business Manager Beckenbach (Exhibit 2, Beckenbach Affidavit, ¶¶ 6-9).

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Mr. Leadum was present in Mr. Beckenbach's office on a separate occasion when Mr. Beckenbach contacted the International Union's training staff to determine whether any openings were available for a two-week, pre-apprenticeship training class designed to introduce individuals who are not members of the Union and have no prior work in the construction industry to the experiences and expectations of union laborers (Exhibit 2, Beckenbach Affidavit, ¶ 28). Mr. Leadum, with his professed 15 years of laborer experience, expressed dismay that Mr. Beckenbach would encourage two non-members with absolutely no laborer experience to attend the pre-apprenticeship training class (Exhibit 2, Beckenbach Affidavit, ¶ 28). These were the only individuals from Local 675 who attended training during Plaintiff's 18 months of membership (Beckenbach Affidavit, ¶ 23).

Subsequently, in July 2000, the union referred Mr. Leadum to an employment opportunity with C.H Nickerson (Exhibit 10, Beckenbach Deposition, p. 76). Instead of accepting the referral opportunity, Mr. Leadum suggested that the Union should convey the offer to someone else, specifically Mr. Jimmy V. Ribeiro (Exhibit 7, Affidavit of J. Ribeiro).

The final job to which Mr. Leadum was referred by the Local Union before Mr. Leadum quit the Union was the Camputaro Leasing, LLC job in September 2000 (Exhibit 2, Beckenbach Affidavit, ¶ 16). He retained that job for only two days (Exhibit 6, Member Hours for Leadum). On Mr. Leadum's first day, he worked a 60 lb. jackhammer (Exhibit 5, Camputaro Dismissal Letter). That evening Mr. Leadum admitted himself to the Danbury Hospital Emergency Room and was advised to avoid 'heavy work' until at least October 21, 2000 (Id.). The next day Mr. Leadum returned to his job and was assigned "light duty" work (Id.). Mr. Leadum failed to return to work on Saturday or Monday as instructed, and Camputaro terminated his employment (Id.).

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## II. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Miner v. City of Glens Falls,* 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991); *see also Suburban Propane v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir.1992). Nevertheless, even when intent is at issue, "a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Id.*" *Rogers v. First Union National Bank*, 259 F.Supp.2d 200 (2003).

The Plaintiff has failed to offer anything beyond conclusory allegations of discrimination to support his breach of contract or ADEA claims. As there are no material facts in dispute, this Court should grant the Defendant's motion for summary judgment.

**B. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING OF IMPERMISSIBLE DISCRIMINATION BY THE UNION AS REQUIRED UNDER *MCDONNELL DOUGLAS.***

The Plaintiff's ADEA Complaint, to the extent it provides any details about the circumstances which give rise to a claim of age discrimination, advances a claim of disparate treatment on the basis of two events: (1) the Plaintiff's failure to receive a job referral for a 90-lb. handheld jackhammer/pavement breaking position in July 2000, and (2) the Plaintiff's failure to obtain a specific job-training opportunity available through the Local Union (Exhibit 1 – ADEA Complaint). Beyond reiterating an off-hand comment made by the Defendant's Business Manager,[1] the Plaintiff has failed to offer any evidence whatsoever to support his contention of age discrimination.

When reviewing disparate treatment claims under the ADEA and CFEPA, the Court applies the "burden shifting framework" developed by the U.S. Supreme Court under *McDonnell Douglas Corp. v. Green* for assessing claims of intentional discrimination pursuant to Title VII. *Rogers v. First Union National Bank*, 259 F.Supp.2d 200, 204 (2003), citing *Levy v. CHRO*, 35 Conn.App. 96, 107-08 (1994), *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff alleging disparate treatment must first establish a prima facie case of discrimination. The burden then shifts to the defendant to offer a legitimate, nondiscriminatory rationale for its actions. If the

---

[1] In response to the Plaintiff's question as to why he was not sent out on the I-84 project, the Union's Business Manager (Richard Beckenbach) suggested that the work was too hard for the Plaintiff: "Bob, you weren't next [on the referral board], and second of all, you couldn't handle that job." Exhibit 10 – Beckenbach Deposition, Page 38.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

defendant does offer a non-discriminatory reason for its decision, the burden again shifts to the plaintiff to show that the defendant's stated reason is a mere pretext for discrimination. *Rogers*, at 204, 205, citing *McDonnell Douglas*, at 802, *James v. New York Racing Ass'n*, 2333 F.3d 149, 154 (2d Cir.2000), *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-10, 113 S.Ct. 2742 (1993). Where, as here, the Plaintiff cannot establish sufficient facts to support even his initial burden of establishing a prima facie case of discrimination, summary judgment for the Defendant Local Union is appropriate.

In order to meet his prima facie burden of proof, Plaintiff would need to show: "(1) membership in a protected class, (2) qualification for the employment, (3) an adverse employment decision, and (4) circumstances that give rise to inference of discrimination." *Id.*, at 205, citing *McDonnell Douglas*, at 802. The Defendant Local Union concedes that Mr. Leadum, who was 68 years of age when the Local Union accepted his membership, was a member of the protected class under the ADEA during his entire tenure as a member of the Local Union.[2]

Plaintiff has failed to establish, as required by the second prong of the *McDonnell Douglas* test, that he was *qualified* for the I-84 employment. As the Court notes in *Rogers*, an ADEA plaintiff "need only make a minimal showing that [he] possesses the basic skills necessary for performance of the job." *Rogers*, at 205 citing *Gregory v. Daly*, 243 F. 3d 687, 696 (2d Cir. 2001). The *Rogers* plaintiff was able to establish this *minimal showing* of basic skills by reference to his previous training and experience as an Assistant Bank Manager.[3]

---

[2] Mr. Leadum suggests that the events giving rise to his Complaint occurred on July 12, 1999 (2 days prior to when he joined the Union), on July 3, 2000, and "on June 2000"(*sic*) (Exhibit 1 – ADEA Complaint, Paragraphs 16, 20, 21).

[3] "Until 1998, Rogers was an Assistant Bank Manager at First Union…Rogers applied for two positions – Financial Specialist Sales Leader and Customer Relations Leader – and was ultimately rejected." Rogers, at 202.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Where, however, as here, "qualification" also involves a consideration of objective criteria such as the Plaintiff's position on the Local Union's referral board, the Plaintiff must establish more than his own subjective ability to properly perform the job requirements.[4] The Plaintiff must also establish that he was next in line on the referral board.

Plaintiff has not established, or even alleged, either of these requirements. Instead, he vaguely contends that he suffered the loss of employment and training opportunities as a result of his membership in an ADEA protected class (Exhibit 1 – ADEA Complaint, Paragraphs 15-22). "While ADEA protects plaintiffs from being victimized by discrimination based on their age, it does not entitle them to protection from all negative employment decisions, when these are made for reasons independent of their age." *Rogers*, at 206, citing *Bovers v. Flying Tiger Line, Inc.*, 979 F.2d 291, 298 (2d Cir. 1992). Absent a showing that the Plaintiff was both subjectively qualified (on the basis of previous training and experience) and objectively qualified (by virtue of his position on the referral board), the Plaintiff cannot establish even the *minimal showing* of qualification required under the second prong of the *McDonnell Douglas* prima facie discrimination test.

Similarly, the Plaintiff has failed to establish that he was *minimally qualified* for the pre-apprenticeship training offered by the Local Union. "Qualification" for the pre-apprenticeship training includes a consideration of the individual's prior work history and the lack of familiarity with the type of work laborers are typically asked to perform (Exhibit 2 – Beckenbach Affidavit, Paragraph 28). The training class at issue was designed to introduce uninitiated and inexperienced individuals to general laborer work. The plaintiff, with his self-proclaimed 15

---

[4] The operation of a 90-lb. handheld jackhammer commands a premium rate under the Agreement between the Union and the CCIA. When a request for this type of work occurs, the Union, in compliance with the CCIA Agreement, must provide skilled and experienced 90-lb. jackhammer operators. Plaintiff has failed to demonstrate any practical experience or training with a 90-lb. handheld jackhammer.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

employment in a light duty status for a second day before he terminated his employment (Exhibit 5 – Camputaro Explanation of Dismissal).

Likewise, Plaintiff has not established any adverse referral decisions resulting from his inability to attend the pre-apprenticeship training class. Simply stated, the only adverse referral decisions that the Plaintiff suffered while a member of Local 675 were the ones he made himself.

Finally, Plaintiff has failed to establish, as required under the last prong of the *McDonnell Douglas* test, circumstances which give rise to an inference of discrimination. Not only was Plaintiff admitted into the Local Union at the age of 68, it is clear by reference to Plaintiff's work history that he was afforded multiple and continuing opportunities to obtain gainful laborer employment. Plaintiff demonstrated time and again that he was not interested in or willing to perform the general laborer positions available through Local 675 (See, generally, Exhibits 2, 3, 4, 5, and 7). Moreover, in order for the Plaintiff to show circumstances that give rise to an inference of discrimination, he would first need to establish that less experienced candidates were given certain of the positions he sought. *Rogers*, at 205. With the exception of the training class, wherein the lack of experience is what served to qualify attendees, the Plaintiff has failed to provide any information about the subjective experience or objective referral board placement for those members that accepted the I-84 90-lb. handheld jackhammer/pavement breaking positions. Plaintiff's subjective contention that he could have handled the job is dispelled by the undisputed fact that he only lasted a single day on the 60-lb. jackhammer. Since the Plaintiff has not met his initial, prima facie burden of employment discrimination, this Court should grant the Defendant's motion for summary judgment.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

**C. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE PLAINTIFF HAS FAILED TO ESTABLISH THAT THE DEFENDANT'S EXPLANATIONS WERE 'MERE PRETEXT' FOR UNLAWFUL DISCRIMINATION.**

This Court should grant Defendant's motion for summary judgment because the Plaintiff cannot rebut the Defendant's reasons for the alleged slights as mere pretext. Under the *McDonnell Douglas* burden-shifting framework, once the Defendant offers a legitimate, non-discriminatory rationale for its actions, the burden of showing the stated reasons are mere pretext for unlawful discrimination shifts back to the Plaintiff. *Rogers*, at 204, 205, citing *McDonnell Douglas*, at 802 and *James v. New York Racing Ass'n*, at 154. In this case, the Defendant has offered two legitimate, non-discriminatory reasons for not offering the I-84 90-lb. jackhammer position to the Plaintiff. Similarly, the Defendant has explained the legitimate reasons for not selecting the Plaintiff for laborer pre-apprenticeship training. As of this date, the Plaintiff has not produced any evidence that might serve as a basis to demonstrate that the Defendant's stated reasons are mere pretext. Instead, the Plaintiff merely makes conclusory allegations of discrimination, relying on the Defendant to identify the bases for the Plaintiff's allegations in hopes that the Defendant's response might serve to validate, in some nominal fashion, the Plaintiff's theory of age discrimination. The *McDonnell Douglas* burden-shifting framework does not afford the Plaintiff the luxury of simply alleging, without substantiation, workplace discriminatory actions. Absent an ability to show the Defendant's rationale as mere pretext, the Plaintiff cannot meet his burden of persuasion under the *McDonnell Douglas* framework. For that reason, this Court should grant the Defendant's motion for summary judgment.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

**D. THE PLAINTIFF'S CASE MUST BE DISMISSED BECAUSE THE PLAINTIFF HAS FAILED TO STATE AN ACTION UPON WHICH RELIEF MAY BE GRANTED.**

This Court should alternatively dismiss Plaintiff's case because the Plaintiff has failed to state an action upon which relief may be granted. Under the Federal Rules of Civil Procedure 12(b)(6), failure to state an action upon which relief may be granted serves as the basis to dismiss a complainant's action. FRCP Rule 12(b)(6). In this case, the Plaintiff seeks monetary relief of back pay, prejudgment interest, loss of fringe benefits, compensatory damages of $250,000 for emotional distress, mental anguish and humiliation, costs and attorney's fees, as well as declaratory and injunctive relief on the basis of the Plaintiff's allegation that the Defendant violated the ADEA (Exhibit 1 – ADEA Complaint, ¶¶ 23, 29). What the Plaintiff fails to acknowledge, as the Second Circuit advised in *Air Line Pilots Association, International v. Trans World Airlines, Inc.*, 713 F.2d 940, 957 (2nd Cir. 1983) ("ALPA"), is the limitation of liability that inures to the Defendant by virtue of its status as a labor organization. In determining that labor organization liability under the ADEA is limited solely to injunctive relief, the Second Circuit Court of Appeals acknowledged the distinction between employers and labor organizations:

> "*ALPA* argues that the remedial scheme of the ADEA, which incorporates that of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-218; *Lorillard v. Pons,* 434 U.S. 575, 582, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978), does not permit actions to recover monetary damages, including back pay, against a labor organization. We agree. Under the FLSA employees may bring actions to recover money damages against employers, *id.* § 216(b), and the term "employer" in FLSA expressly excludes labor organizations. *Id.* § 203(d). This express statutory incorporation of FLSA precludes a monetary damage or back pay award against ALPA. *Neuman v. Northwest Airlines, Inc.,* 28 F.E.P. Cases 1488, 1490-91 (N.D.Ill.1982); see *Brennan v. Emerald Renovators, Inc.*, 410 F.Supp. 1057, 1059 n. 5 (S.D.N.Y.1975). Appellants are therefore only entitled to injunctive relief against the union."

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Though not universally followed in other circuits, *ALPA* is the law in the Second Circuit. It therefore follows that even if the Plaintiff could meet his prima facie burden of showing age discrimination (he cannot), he would only be entitled to injunctive relief for the Defendant's violation of the ADEA. As Plaintiff has not alleged any ongoing or pervasive discrimination and, further, has voluntarily resigned his status as a member of the Local Union (Exhibit 8 – Resignation Letter), it is clear that injunctive relief is not appropriate in this action. Accordingly, the Plaintiff's ADEA claim should be dismissed in accordance with FRCP 12(b)(6) for failure to state an action upon which relief may be granted.

Assuming arguendo the Court chose not to follow the Second Circuit's line of cases noted above, Plaintiff would still not be entitled to any monetary damages. In this regard, the record reflects Plaintiff repeatedly refused referrals to employment from the Union following his alleged discrimination arising out of the I-84 job. Under these circumstances, Plaintiff is not entitled to any monetary relief because he has failed to mitigate his damages. *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 53 (2d Cir. 1998) *quoting, Ford Motor Co. v. EEOC,* 458 U.S. 219, 231 & n. 15 102 S.Ct. 3057, 73 L.Ed. 2d 721 (1982).

**E. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE DEFENDANT DID NOT UNLAWFULLY DISCRIMINATE AGAINST THE PLAINTIFF.**

The Plaintiff's second and third causes of action arise from the same set of facts and circumstances that gave rise to the Plaintiff's ADEA claim (Exhibit 1 – ADEA Complaint, ¶¶ 26 & 28). Both of these actions rely on a finding by the Court that the Defendant engaged in unlawful discrimination against the Plaintiff in violation of the ADEA. As demonstrated above, the Plaintiff has not and cannot establish discriminatory motive or action on the part of the

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Defendant in violation of the ADEA. Accordingly, these claims should also be dismissed upon granting the Defendant's motion for summary judgment.

The Plaintiff contends in his second cause of action that the Defendant, "by failing to follow its own personnel policies and procedures on evaluating and providing equal employment opportunity to its employees," breached contractual obligations to Plaintiff (Exhibit 1 – ADEA Complaint, ¶ 26). This contention is without basis and must, accordingly, be dismissed. The Plaintiff was a member of the Defendant Local Union; he was not an employee of such union (Exhibit 9 – Union Initiation Card). In return for his membership dues, the plaintiff received membership rights (Exhibit 9 – Union Initiation Card). While his affiliation with the Defendant Local Union, from time to time, afforded the Plaintiff referral to employment opportunities, those opportunities were always performed under the specific direction and control of the signatory contractors by whom Plaintiff was employed. Beyond its duty of fair representation and attempts to secure employment for the Plaintiff with signatory contractors by referral, the Defendant Local Union exercised no influence, direction or control over the Plaintiff's work product or terms of employment. In all cases, the Plaintiff was merely a member, not an employee, of the Defendant Local Union. At no time did the Plaintiff perform any services at the behest, direction or control of the Defendant Union, nor did the Local Union directly benefit from any services the Plaintiff performed while a member. As expressed above, the Second Circuit in *ALPA* determined that there is a clear and important distinction between labor organizations and employers, which distinction the Plaintiff is required to accept.

Additionally, as expressed above, at no time during the short duration of Plaintiff's union membership has the Plaintiff been able to establish disparate treatment for employment opportunities. It is clear that the Plaintiff was afforded the same employment referral

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

DATED at East Hartford, Connecticut, this 13th day of November, 2003.

Respectfully submitted,

DEFENDANT
LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 675

By: ______________________

John T. Fussell, Esq.
John M. Brown, Esq. of
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108-4201
Fed. Bar # ct 17989

# TABLE OF CASES

**PAGES**

**STATUTES**

29 U.S.C. §§ 201-218 .......... 13

Fed.R.Civ.P. 56(c) .......... 6

**CASES**

*Air Line Pilots Association, International v. Trans World Airlines, Inc.*, 713 F.2d 940, 957 (2nd Cir. 1983) .......... 13, 14, 15

*Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) .......... 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .......... 6

*Bovers v. Flying Tiger Line, Inc.*, 979 F.2d 291, 298 (2d Cir. 1992) .......... 9

*Brennan v. Emerald Renovators, Inc.*, 410 F.Supp. 1057, 1059 n. 5 (S.D.N.Y.1975) .......... 13

*Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991) .......... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .......... 6

*Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998) *quoting*, *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 & n. 15 102 S.Ct. 3057, 73 L.Ed. 2d 721 (1982) .......... 14

*Gregory v. Daly*, 243 F. 3d 687, 696 (2d Cir. 2001) .......... 8

*James v. New York Racing Ass'n*, 2333 F.3d 149, 154 (2d Cir.2000) .......... 8, 12, 16

*Levy v. CHRO*, 35 Conn.App. 96, 107-08 (1994) .......... 7

*Lorillard v. Pons*, 434 U.S. 575, 582, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978) .......... 13

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973) ... 7, 8, 9, 10, 11, 12

*Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993) .......... 6

*Neuman v. Northwest Airlines, Inc.*, 28 F.E.P. Cases 1488, 1490-91 (N.D.Ill.1982) .......... 13

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct 2097, 2108-09, 147 L.Ed.2d 105 (2000) .......... 16

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

*Rogers v. First Union National Bank*, 259 F.Supp.2d 200, 204 (2003)..................6, 7, 8, 9, 11, 12

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-10, 113 S.Ct. 2742 (1993)..............................8

*Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992)....................................6

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# CERTIFICATION

This is to certify that a copy of the foregoing ***Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment*** was sent, first class and postage prepaid this 13th day of November, 2003, to the following:

Mr. José Vivaldi Martinez
60 Old New Milford Road, Suite 3D
Brookfield, CT 06804

John T. Fussell

JTF.LIUNA 675
FINAL – MEMO OF LAW in Support of Motion for Summary Judgment 11-13-03

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719