UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT LEADUM, | ) |
| *Plaintiff,* | ) Civil Action No. |
| v. | ) 3:01-CV-01779 (TPS) |
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 675, | ) December 8, 2003 |
| *Defendant.* | ) |

**PLAINTIFF'S LOCAL RULE 56(A)2 STATEMENT AND
STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT**

LOCAL RULE 56(A)2 STATEMENT

1.   Admit.

2.   Admit, except that Defendant's Exhibit 8 is not a resignation letter. It clearly states that Mr. Leadum wished to be placed on "inactive" status. (*See* Beckenbach Aff. Ex. 8.)

3.   Admit.

4.   Admit.

5.   Admit, except the use of the word "only," because as a hiring hall, Defendant acts as a go-between for contracting companies and its members, and is therefore subject to claims under employment-discrimination statutes. This point was made in dicta *EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 659 (7th Cir. 2003). The opinion was written by Judge Posner. He stated, "[t]he union is not the

company, but the workers' agent in dealing with the company. If it discriminates in the performance of its agency function, it violates Title VII, but not otherwise."

6. Admit, except that as a hiring hall, Defendant acted as Plaintiff's agent and is subject to employment-discrimination statutes.

7. Admit.

8. Admit.

9. Denied. Plaintiff accepted only those jobs offered to him. There were many jobs that were not offered to the Plaintiff.

10. Deny. *See* Statement of Disputed Issues of Material Fact, *infra*, ¶ 1.

11. Admit, except that Plaintiff was laid off.

12. Deny. *See* Statement of Disputed Issues of Material Fact, *infra*, ¶¶ 2, 3 and 4.

13. Deny. *See* Statement of Disputed Issues of Material Fact, *infra*, ¶ 1 and 5. Furthermore, Plaintiff was laid off.

14. Deny. *See* Statement of Disputed Issues of Material Fact, *infra*, ¶ 6 and 8.

15. Admit, however other events support the age-discrimination claims.

16. Admit.

17. Admit.

18. Admit.

19. Deny. *See* Statement of Disputed Issues of Material Fact, *infra*, ¶ 7.

20. Admit.

21. Admit.

22. Deny. Plaintiff was not provided with any training opportunity, eventhough he regularly made a request to be sent to the different training programs run by the Union.

23. Admit.

24. Admit.

25. Admit.

## STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT

1. With respect to the assertion that Plaintiff's employment history was "brief and problematic" (Def.'s Stmt. ¶ 11), (1) Plaintiff was laid off from his first assignment (at Waterbury Masonry)—along with everybody else at the site—and returned to the hiring hall (Leadum Dep. at 146); (2) he was urged to take a lay-off from his second assignment (at Kiewit) (*id.* at 166-74); (3) he was laid off from his third assignment (at BBL-Carlton) (*id.* at 188); and (4) was sent home when he reported back to work after being injured on his fourth assignment (at Camputaro Leasing) (*id.* at 246). While at Kiewit, Plaintiff's work crew was recognized as being very good. (*Id.* at 220-23.) Further, Beckenbach testified in his deposition that he believed that, overall, Plaintiff performed satisfactorily. (Beckenbach Dep. at 67.)

2. With respect to the assertion that Plaintiff damaged a truck (Def.'s Stmt. ¶ 12), Plaintiff denies damaging the truck. It was the trailer that collided with something and its bumper was bent. (Leadum Dep. at 155-56.)

3. With respect to the assertion that Plaintiff was concerned about being accused of sexual harassment (Def.'s Stmt. ¶ 12), Plaintiff, a male worker on his crew and Judy Cowley, another laborer assigned to his crew, were going to drive to another

part of the worksite. Plaintiff had heard that Ms. Cowley had made complaints of sexual harassment before and did not want to have any incidental physical contact with her while they were in the truck together. Thus, he merely asked the male co-worker to sit in the middle. (Leadum Dep. at 160-61.) He did not ask that Ms. Cowley be removed from the job or try to get her fired. (*Id.* at 164.)

4.   With respect to the assertion that Plaintiff requested a lay-off (which, Defendant contends, David Wiley, the job superintendent, discouraged), Plaintiff did not, in fact request the lay-off. Instead he was told by Tony Garcia, the Treasurer of the union and shop steward at the site, that he had to take a lay-off or he would be fired. (Leadum Dep. at 167, 256.) Plaintiff wanted to know why, but the steward did not want to talk. Instead, he told Plaintiff to just "think about it." (*Id.* at 168.) The steward also said, "I'll give you -- you can get unemployment and I'll sign everything for you and you go on your way." (*Id.*) Thus rather than asking for a lay-off, Plaintiff took the proffered lay-off instead of being fired. (*Id.* at 169.) As a result, the statement in the letter from David Wiley to Richard Beckenbach (Def.'s Ex. 3) that Plaintiff insisted on a lay-off is inaccurate. Plaintiff was forced out. (Leadum Dep. at 255-56.)

5.   With respect to the assertion that Plaintiff requested his job at the BBL-Carlton site to be terminated because the worksite was too cold (Def.'s Stmt. ¶ 13), he was in fact laid off and was sent back to the hiring hall. (Leadum Dep. at 188-89.) Note also that Beckenbach testified that he referred Plaintiff to the BBL-Carlton job because the project was almost complete and "that would be a good job for him." (Beckenbach Dep. at 56.)

6. With respect to the assertions relating to the job at Camputaro Leasing, LLC (Def.'s Stmt. ¶ 14), Plaintiff's hand swelled up on the first day when he operated a jackhammer for about nine or ten hours. (Leadum Dep. at 243-44.) The statement in the letter from Donna Lee Smith, Camputaro's office manager to Beckenbach (Def.'s Ex. 5), that he had a blister is false. He went to the emergency room after work and brought a doctor's note with him when he returned to work. The doctor's note advised "light duty" for him and stated that he should not use his hand. (Leadum Dep. at 244-46.) The foreman told him there was no "light duty" work available and sent Plaintiff home. (Id. at 246.)

7. With respect to the assertion that Plaintiff was not referred to the worksite on I-84 because he was not at the top of the referral board (Def.'s Stmt. ¶ 19). However, in addition to asserting that Plaintiff was not next in line, Beckenbach testified that he did not think Plaintiff could handle the job because it involving "working on bridges with a jackhammer at night." (Beckenbach Dep. at 38.) Beckenbach also was concerned that Plaintiff would be out in traffic. (Id.) Further, Beckenbach testified that even if Plaintiff had been next, he still would have discouraged Plaintiff from taking the job. (Id. at 41.) The Local did not keep records as to who was where on the referral board. (Id.)

8. With respect to the recitation of referrals Plaintiff allegedly declined (see Beckenbach Aff. ¶ 20), Beckenbach did not offer to return Plaintiff to work for the Kiewit Company, and if any referrals had been offered, Plaintiff would not have turned them down. (Leadum Dep. at 192, 200.) Beckenbach also testified that Plaintiff did not want to go back to Kiewit. (Beckenbach Dep. at 75.) Plaintiff, however, testified that he never made such a statement. (Leadum Dep. at 192.)

THE PLAINTIFF,
Robert Leadum

BY: _____
José Vivaldi Martínez, Esq.
Law Offices of José Vivaldi Martínez
60 Old New Milford Road, # 3D
Brookfield, CT 06804
Tel.: (203) 775-8664
Fax: (203) 775-8453
Federal Juris No. CT15393

## CERTIFICATION

The undersigned certifies that a copy **of Plaintiff's Local Rule 56(a)2 Statement and Statement of Disputed Issues of Material Fact** was sent, first class and postage prepaid, this 8th day of December, 2003, to the following counsel of record:

John T. Fussell, Esq.
John M. Brown, Esq.
ROBERT M. CHEVERIE & ASSOCS., P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108-4201

_____
José Vivaldi Martinez
Commissioner of the Superior Court